■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. STEVEN C. HANSEN, Respondent.— Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County, dated September 10, 1973, as granted the branch of a motion by defendant which was to suppress certain physical evidence seized pursuant to a search warrant. Order reversed insofar as appealed from, on the law, and said branch of defendant's motion denied. In his affidavit in support of the search warrant, a New York State policeman stated that while investigating a reported burglary at defendant's vacant residence on March 30, 1973 he discovered " a large brass smoking pipe of the type commonly used for administering the narcotic, marijuana or hashish ", a large scale and quantities of the " crushed green vegetable material identified by me as marijuana." The officer kept the residence under surveillance from April 7, 1973, the date the occupants returned, until April 17, 1973. During that period, a certain 1973 Dodge van, registered to one Larry Speake, was the sole vehicle seen entering and leaving the premises on a regular basis. Based on reliable information that the residents had returned from the West with a large quantity of dangerous drugs, including marijuana, and on his experience as an officer and his knowledge of the area indicating there was no other way to get in and out of the premises except by automobile, he felt that " reasonable cause exists to believe that said vehicle is being used to transport narcotics, dangerous drugs and/or paraphernalia." In granting the suppression, Special Term found (1) that there was no probable cause to include Speake

or his 1973 Dodge van in the warrant and that, since a warrant is not severable, the entire warrant was faulty; and (2) that, with specific reference to defendant, the warrant, which had been obtained on April 17, 1973, was based upon stale information insofar as it was founded on observations made on March 30, 1973. We cannot agree with either finding. First, the personal knowledge, observations and experience of the police officer gave him probable cause to believe the van was being used in transporting narcotics. He knew firsthand that there were narcotics in the residence. He had information, which he considered reliable, that the occupants had returned with even more. He saw the van, which did not belong to the residents, come and go on a regular basis. His personal knowledge of the area told him that the only way in and out of the premises was by automobile and that a van such as the type seen could obviously be used to transport narcotics. From these facts, it would have been unreasonable for him not to include the van in his warrant application (see *People* v. *Meyers*, 38 A D 2d 484). Further, the fact that the police did not seek the warrant until April 17 deserves praise, not condemnation. Too often we are faced with precipitous or hasty police action which requires that seized property be suppressed. But here the police acted calmly and deliberately (cf. *People* v. *Spinelli*, 35 N Y 2d 77, 81–82; *Coolidge* v. *New Hampshire*, 403 U. S. 443, 478–484). They waited until the occupants of the residence returned on April 7 and then kept them under surveillance for 10 days to see whether their suspicions regarding narcotic trafficking would be confirmed and to insure that all those involved in the operation were implicated. The information obtained on March 30 was hardly stale when the police acted on April 17. Cohalan, Christ and Munder, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., dissent and vote to affirm, with the following memorandum: The affidavit of the police officer in support of the application for the search warrant with respect to the van owned by Speake was clearly insufficient. After making note that the van had been seen "making trips in and out carrying at least one other person in addition to the driver", and that it was "the sole vehicle observed entering and leaving these premises on a regular basis", the affidavit concludes by stating that reasonable cause exists to believe that the vehicle is being used to transport narcotics, "based on the experience" of the officer "and because no other reasonable way exists to get in and out of this [sic] premises except by auto". This conclusion is of course in direct contradiction to the obvious fact that vehicles are also used for transportation of persons or for other innocent purposes (cf. *People* v. *Dumper*, 28 N Y 2d 296; *People* v. *Brown*, 24 N Y 2d 421, 423). "Although not inconsistent with the possession of a dangerous drug, the evidence related by the affidavits was susceptible of innocent interpretations and could at most be described as 'equivocal and suspicious'" (*People* v. *Dantzig*, 40 A D 2d 576, 577). Though the defect in the warrant concerns not defendant, but another, it destroys the search warrant as a whole (see *People* v. *Rainey*, 14 N Y 2d 35, 39). Thus, the standing of defendant to attack the warrant is preserved. For these reasons, we vote to affirm.